United States District Court
Southern District of Texas
**ENTERED**
February 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRICK DEWAYNE GREEN, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:25-cv-04170 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ED GONZALEZ, | § | |
| Respondent. | § | |

## OPINION AND ORDER ON DISMISSAL

The petition by Petitioner Carrick Dewayne Green for a federal writ of *habeas corpus* under 28 USC §2254 is construed as brought under §2241. As so construed, it is dismissed because he hasn't exhausted available state court remedies. Dkt 1.

1. Background

Petitioner proceeds here *pro se*. His petition, filed in August 2025, alleges that he's confined in the Harris County Jail as a pretrial detainee. Publicly available records show that he remains in jail, awaiting trial on a charge of cruelty to non-livestock animals in Cause Number 1925361. See Harris County District Clerk, www.hcdistrictclerk.com (visited Jan 31, 2026).

The petition seems to allege that state officials violated Petitioner's rights under the Fourth Amendment during his arrest. Dkt 1 at 7. It alleges that his due process rights are being violated because there's no evidence that he committed the charged offense. Id at 5, 8. It also alleges that he has been defamed by state and county officials during the proceedings. Id at 10. Petitioner admits that he hasn't presented any of these claims either to the state trial

court or to the highest state court with jurisdiction. Id at 12.

As relief, he seeks an evidentiary hearing, a reduction in his bail, and release from custody. Id. at 15.

### 2. Legal standard

Petitioner complains that he's being illegally detained prior to trial and seeks immediate discharge from custody. But a petitioner may not seek pretrial *habeas corpus* relief under 28 USC §2254, which "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" *Dickerson v Louisiana*, 816 F2d 220, 224 (5th Cir 1987), quoting 28 USC §2254(a) and (b). Inmates challenging their pretrial confinement must instead proceed under 28 USC §2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson*, 816 F2d at 224; see also *Braden v 30th Judicial Circuit Court of Kentucky*, 410 US 484 (1973). As such, Petitioner's petition is construed as a request for relief under §2241(c).

Section 2241(c)(3) provides in relevant part that the writ of *habeas corpus* "shall not extend to a prisoner unless . . . He is in custody in violation of the constitution or laws or treaties of the United States." But in addition to being *in custody* as required by statute, the Fifth Circuit requires a petitioner seeking pretrial release under §2241 to have also "exhausted his available state remedies." *Dickerson*, 816 F2d at 224. More precisely, even though the text of §2241 confers jurisdiction on federal courts to consider pretrial *habeas corpus* petitions, federal courts "should abstain" from exercising such jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F2d at 225

(collecting cases). This judicially created exhaustion requirement was "crafted on federalism grounds in order to protect the opportunity of state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Ibid (collecting cases); see also *Brown v Estelle*, 530 F2d 1280, 1283–84 (5th Cir 1976).

### 3. Analysis

When he filed this action, Petitioner was confined in the Harris County Jail, where he remains. This satisfies the *in-custody* requirement. But he hasn't exhausted the state remedies available to him on his claims.

Petitioner alleges that his constitutional rights were violated during his arrest and have continued to be violated during his detention. But these claims may be raised in his state-court criminal proceedings, either before trial in the trial court or on appeal if he's convicted. For example, see *Villareal v State*, 935 SW2d 134 (Tex Crim App 1996) (Fourth Amendment claims); *Hughes v State*, 691 SW3d 504 (Tex Crim App 2024) (due process claims).

Petitioner admits that he hasn't yet raised his claims in his state-court proceedings or otherwise presented them to the Texas Court of Criminal Appeals, which is the highest state court with criminal-law jurisdiction. Publicly available records confirm that he hasn't done so. Therefore, the state courts haven't had a fair opportunity to consider Petitioner's constitutional claims.

The due administration of justice is best served here by requiring exhaustion of the available state-court remedies.

### 4. Certificate of appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to

the petitioner. But "a COA is not required to appeal the denial of a §2241 petition." *Hunter v Tamez*, 622 F3d 427, 430 (5th Cir 2010), quoting *Pack v Yusuff*, 218 F3d 448, 451 n 3 (5th Cir 2000).

As such, a certificate of appealability needn't be issued.

    5.  Conclusion

The petition for writ of *habeas corpus* filed by Petitioner Carrick Dewayne Green is DISMISSED WITHOUT PREJUDICE for failure to exhaust available state remedies on his claims. Dkt 1.

All other pending motions are DENIED AS MOOT.

A certificate of appealability is NOT REQUIRED.

SO ORDERED.

Signed on  February 03, 2026 , at Houston, Texas.

                          *CREskridge*

                          Honorable Charles Eskridge
                          United States District Judge